FILED
 2010 Jun-04 PM 04:25
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAKITIA YELDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-cv-01584-JEO |
| | ) |
| WELLS FARGO AUTO FINANCE, INC., NATIONAL LOCATING AND RECOVERY, INC., and ROBERT GETTINGS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF ELLEN WHITESIDE

1. My name is Ellen Whiteside. I am over the age of nineteen (19). I am currently employed as an Ops Legal Specialist for Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). In my capacity as Ops Legal Specialist, I am familiar with Plaintiff Takitia Yeldell's ("Yeldell") loan with Wells Fargo and the documents within her loan file. As such, I have personal knowledge of the facts set forth herein.

2. In December of 2007, Yeldell purchased a used 2005 Dodge Magnum automobile (the "Vehicle") from Jim Burke Automotive, Inc. ("Jim Burke") in Birmingham, Alabama. *See* Retailment Installment Contract and Security

Agreement (the "Contract"), a true and correct copy of which is attached hereto as **Exhibit A**.

3. Jim Burke thereafter assigned the Contract to Wells Fargo. *See* Ex. A.

4. Under the terms of the Contract, Yeldell agreed to make 72 monthly payments in the amount of $407.34 to repay the loan, with the first payment being due on January 25, 2008 (the "Loan").

5. The Loan was secured by an interest in the Vehicle. *See* Ex. A.

6. Wells Fargo's lien on the Vehicle was recorded with the Alabama Department of Revenue and was properly recorded on the Vehicle's Certificate of Title. A true and accurate copy of the Certificate of Title is attached hereto as **Exhibit B**.

7. The Contract provided that Yeldell would be in default if she "fail[ed] to perform any obligation that [she has] undertaken in this Contract." *See* Ex. A.

8. In the event of default, the Contract provided Wells Fargo with all of the remedies provided by law and explicitly states that Wells Fargo may "immediately take possession of the [Vehicle] by legal process or self-help," sell the Vehicle, and sue Yeldell for any deficiency owed after the sale. *See* Ex. A.

9. Further, in choosing one or more of these remedies, or by "deciding not to use any remedy, [Wells Fargo does] not give up [its] right to consider the event a default if it happens again." *See* Ex. A.

10. Yeldell began having difficulty making the payments due on the Loan almost immediately. Yeldell did not make a payment in January 2008 and the Loan entered default status. A true and correct copy of Wells Fargo's Loan Payment Report showing a month by month summary of Yeldell's payment history is attached as **Exhibit C**.

11. Yeldell made a payment on February 28, 2008 in the amount of $500.00, which satisfied Yeldell's January payment obligations and a portion of her February payment obligation. *See* Ex. C. However, under the terms of the Contract, because Yeldell did not make the full February payment obligation by its due date, she remained in default under the Contract.

12. Yeldell made another payment on March 7, 2008 in the amount of $315.00, which satisfied some, but not all, of her February payment obligation. The remaining amount of Yeldell's payment for February and the payment due in March of 2008 remained due. *See* Ex. C. Thus, Yeldell remained in default.

13. Yeldell failed to make any payments on the Loan in April, May, or June of 2008. *See* Ex. C.

14. Due to Yeldell's failure to comply with the terms of the Contract and default on the Loan, Wells Fargo ordered the Vehicle to be repossessed in July of 2008. This repossession is not directly related to this lawsuit.

15. On July 9, 2008, Yeldell paid $2,391.67 to Wells Fargo to reinstate the Loan. *See* Wells Fargo's Customer Reinstatement Form, a true and correct copy of which is attached hereto as **Exhibit D**; *see also* Ex. C. Wells Fargo applied Yeldell's July 9, 2008 payment to principal and interest owed on the Loan, with the exception of $375.00 that was applied to pay the fee charged by the repossession company and $110.31 in late fees. *See id.*

16. Yeldell made no payments on the Loan in August or September of 2008. The Loan entered default status again. *See* Ex. C.

17. In October 2008, Yeldell made a payment in the amount of $700.00, which satisfied Yeldell's August payment obligation and a portion of her September payment obligation. *See* Ex. C. After her October 2008 payment, Ms. Yeldell remained in default under the Loan.

18. In November and December 2008, Yeldell made partial payments in the amounts of $300.00 and $250.00, respectfully but remained in default under the Loan. *See* Ex. C.

19. In January 2009, Yeldell made payments in the amounts of $100.00 and $350.00 and in February 2009 Yeldell made a payment in the amount of $300.00. *See* Ex. C. These amounts were applied towards Yeldell's previous unpaid payment obligations, and were insufficient to bring the Loan current. Thus, Yeldell remained in default.

20. Yeldell failed to make any payments in March of 2009. *See* Ex. C.

21. As established by Wells Fargo's Loan Payment Report summarized on the chart below, from January 2008 through March 2009, Yeldell was obligated to make payments to Wells Fargo totaling $6,110.10 under the terms of the Contract.[1] During this time, Yeldell made payments to Wells Fargo totaling only $4,721.36. Therefore, even eliminating the late fees, excess interest, and mandatory insurance payments that accrued to Yeldell's account due to her late and missed payments and her failure to maintain insurance on the Vehicle, Yeldell was delinquent on the Loan in the amount of $1,388.74 ($6,110.10 minus $4,721.36) and was in default under the terms of the Contract as of March 2009.

| Month | Payment Due | Payment Made |
|---|---|---|
| Jan-08 | $ 407.34 | $ - |
| Feb-08 | $ 407.34 | $ 500.00 |
| Mar-08 | $ 407.34 | $ 315.00 |
| Apr-08 | $ 407.34 | $ - |
| May-08 | $ 407.34 | $ - |
| Jun-08 | $ 407.34 | $ - |
| Jul-08 | $ 407.34 | $ 1,906.36 |
| Aug-08 | $ 407.34 | $ - |
| Sep-08 | $ 407.34 | $ - |
| Oct-08 | $ 407.34 | $ 700.00 |
| Nov-08 | $ 407.34 | $ 300.00 |
| Dec-08 | $ 407.34 | $ 250.00 |
| Jan-09 | $ 407.34 | $ 450.00 |

---

[1] This figure does not take into account additional payments owed by Yeldell to comply with her insurance obligations or additional interest and fees incurred because of Yeldell's numerous defaults on the Loan.

|        |          |          |
|--------|----------|----------|
| Feb-09 | $ 407.34 | $ 300.00 |
| Mar-09 | $ 407.34 | $   -    |
|        | **Total Due** | **Total Paid** |
|        | $6,110.10 | $ 4,721.36 |

22. Due to Yeldell's failure to make the payments required under the Contract and her almost continuous default status following the Vehicle's purchase in December 2007, Wells Fargo exercised its contractual and legal right to repossess the Vehicle on March 6, 2009.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this the 4th day of June, 2010.

_____
ELLEN WHITESIDE

SWORN TO AND SUBSCRIBED before me this 4th day of June, 2010.

_____
Notary Public

My Commission Expires:

8-19-12

APRIL L. MASON-CARTER
My Commission Expires
August 19, 2012
Clay County
Commission #08022046

# Exhibit A

WF 000037

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller<br>JIM BURKE AUTOMOTIVE, INC.<br>1301 5TH AVE NORTH<br>BIRMINGHAM AL 35203-1732<br>"We" and "us" mean the Seller above, its successors and assigns. | Buyer<br>TIKITIA YELDELL<br>4830 LEOLA LN<br>BIRMINGHAM AL 35217<br>"You" and "your" mean each Buyer above, and guarantor, jointly and individually. |
|---|---|---|
| No.<br>Date 12/11/2007 | | |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2005<br>Make DODGE<br>Model MAGNUM | VIN 2D8FV48V25H178595<br>Lic. No./Year<br>☐ New ☒ Used | Other:<br>314011d090 |
|---|---|---|---|

Description of Trade-In  1995 MITSUBISHI ECLIPSE 4A3AK54F75E151345

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 17527.34 , plus finance charges accruing on the unpaid balance at the rate of 18.45 % per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 18.45 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
☐ **ADDITIONAL FINANCE CHARGE:** ☐ You agree to pay a refundable interest surcharge fee of $ N/A . ☐ You agree to pay a processing fee of $ N/A . The processing fee is ☐ refundable. ☐ nonrefundable. Fees will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.  ☐ You agree to pay a refundable account maintenance fee of $ N/A paid in cash ☐ $ N/A per month payable monthly.
☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 2500.00 |
|---|---|---|---|---|
| 18.45 % | $ 11801.14 | $ 17527.34 | $ 29328.48 | $ 31828.48 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 407.34 | MONTHLY BEGINNING JANUARY 25th, 2008 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge:** If a payment is more than 10 days late, you will be charged THE GREATER OF 5% OF THE UNPAID AMOUNT OF THE PAYMENT DUE OR 10.00, WITH A MAXIMUM OF 100.00 .
**Prepayment:** If you pay off this Contract early, you ☐ may ☐ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you may be entitled to a refund of part of the interest surcharge.
☐ If you pay off this Contract early, you ☐ may ☐ will not be entitled to a refund of part of the processing fee.
☐ If you pay off this Contract early, you ☒ may ☐ will not be entitled to a refund of part of the account maintenance fee.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint  Prem. $ N/A  Term N/A
**Credit Disability:** Insured _____
☐ Single  Prem. $ N/A  Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____  _____
Buyer           d/o/b  Buyer           d/o/b

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Coverage  $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**
☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.
☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover N/A . This Service Contract will be in effect for N/A .

**ITEMIZATION OF AMOUNT FINANCED**

Vehicle Price (incl. sales tax of $ 661.84 ) $ 19761.84
Service Contract, Paid to: N/A  $ N/A
                                                Cash Price $ 19761.84
Manufacturer's Rebate $ N/A
Cash Down Payment  $ 2300.00
Deferred Down Payment $ N/A
  a. Total Cash/Rebate Down  $ 2300.00
  b. Trade-In Allowance $ 1700.00
  c. Less: Amount owing $ 1500.00
    Paid to (includes f.): AMERICAN GENERAL
  d. Net Trade-In (b. minus c.)  $ 200.00
  e. Net Cash/Trade-In (a. plus d.) $ 2500.00
  f. Amount to Finance line e. (if e. is negative)  $ N/A
Down Payment (e.; disclose as $0 if negative) $ 2500.00
        Unpaid Balance of Cash Price $ 17261.84
Paid to Public Officials - Filing Fees $ 16.50
Paid to Public Officials - Taxes $ N/A
Insurance Premiums*  $ N/A
Interest Surcharge Paid to Seller $ N/A
Processing Fee Paid to Seller
  To:  N/A  $ N/A
  To: N/A  $ N/A
  To: SELLER FOR DOC FEE $ 249.00
Total Other Charges/Amounts Pd. to Others $ 265.50
    Less: Prepaid Finance Charges $ N/A
        Amount Financed  $ 17527.34
*We may retain or receive a portion of this amount.

**NOTICE TO BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.
**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Buyer:
Signature /s/ TIKITIA YELDELL (Seal) 12/11/2007 Date

Signature _____ (Seal) _____ Date
Seller: By /s/ Juan de Bus  (Seal)

**ASSIGNMENT:** This Contract and Security Agreement is assigned to WELLS FARGO AUTO FINANCE, INC the assignee, phone (800)559-3557 . This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By /s/ Juan de Bus  (Seal) Date 12/11/2007

ALABAMA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
© 1995, 1996 Wolters Kluwer Financial Services – Bankers Systems™ Form RS-SI-MV-AL 6/19/2006

(page 1 of 2)
MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**BALLOON PAYMENT:** If any payment is more than one and one-half times as large as the average of all other regularly scheduled payments, you may refinance that payment when due without penalty. You may do so on terms as favorable as the terms originally agreed to in this Contract, if you meet our normal credit standards. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, if this Contract is repayable in a single-principal payment irrespective of the scheduled interest payments, or we do not offer similar credit at that time.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full. If an interest surcharge has been collected and this Contract is prepaid in full by any means within 90 days of the date of this Contract, we will refund or credit you with a pro rata portion of the interest surcharge, except we may retain $25.00. If this Contract is prepaid in full after 90 days, the interest surcharge is fully earned and will not be refunded.

If a refundable processing or account maintenance fee has been collected and this Contract is prepaid in full, or upon maturity by acceleration, we will credit the unearned portion of the fee. If the original term of this Contract is 61 months or less, we will determine the credit using the Rule of 78's or the sum of the digits method. If the original term of this Contract is more than 61 months, we will determine the credit using the actuarial method. We will apply the credit to the amount you owe us or refund it to you. No refund of less than $1.00 will be made. If this note is renewed or refinanced within 120 days from the date it is made, the refundable fee will be refunded or credited on a pro rata basis computed as of the date of such renewal or refinancing.

If a nonrefundable processing fee has been collected, it will not be refunded even if the loan is prepaid.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
F. You will pay all taxes and assessments on the Property as they become due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to perform any obligation that you have undertaken in this Contract.
B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, and fees for repossession, repair, storage and sale of the Property securing this Contract. If the original amount financed is more than $300, then after default we may refer this Contract to an attorney who is not our salaried employee and may collect reasonable attorneys' fees up to 15% of the unpaid debt.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** If the original amount financed, exclusive of the insurance charges, is $300 or more and the value of the Property is $300 or more, then you agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

### THIRD PARTY AGREEMENT

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

_____ (Seal)
Signature                                Date

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

### ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time from time to time to Buyer and any other person obligated under this Contract.

**UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.**

**WITH RECOURSE:** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, on demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

© 1995, 1996 Wolters Kluwer Financial Services – Bankers Systems™ Form RS-SI-MV-AL 6/19/2006 (page 2 of 2)

# Exhibit B

# STATE OF ALABAMA
## DEPARTMENT OF REVENUE

## CERTIFICATE OF TITLE FOR A VEHICLE

| TITLE NO | VEHICLE IDENTIFICATION NUMBER | TRANS. CODE | DATE ISSUED |
|---|---|---|---|
| 38602097 | 2D8FV48V25H178595 | 01 | 03/07/2008 |

| YR. MODEL | MAKE | MODEL | BODY TYPE | PREV AL TITLE NO. |
|---|---|---|---|---|
| 2005 | DODG | MAGNUM | SW | |

| CYL | NEW | USED | DEMO | PURCHASE DATE | NO. LIENS | COLOR | ODOMETER |
|---|---|---|---|---|---|---|---|
| 06 | | XX | | 12/11/2007 | 1 | GRAY | 0035827 |

NAME(S) AND MAILING ADDRESS OF OWNER(S)
YELDELL TIKITIA
4830 LEOLA LN
BIRMINGHAM AL 35217

MAIL TO
1,598 / 854
WELLS FARGO AUTO FINANCE INC
P O BOX 53439
PHOENIX AZ 85072

RESIDENT ADDRESS IF DIFFERENT

LEGEND(S) ODOMETER READING IS THE ACTUAL MILEAGE

**RELEASE OF LIEN**
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien described in said Certificate of Title is released and discharged.

First Lienholder

1ST LIENHOLDER'S NAME, ADDRESS AND LIEN DATE   12/11/2007
WELLS FARGO AUTO FINANCE INC
P O BOX 53439
PHOENIX AZ 85072

By _____
Signature of Authorized Agent

Date _____

2ND LIENHOLDER'S NAME, ADDRESS AND LIEN DATE

Second Lienholder

By _____
Signature of Authorized Agent

Date _____

This certificate serves as an official document of the Department of Revenue and prima facie evidence that an application for certificate of title has been made for the vehicle described herein, pursuant to the provisions of the Motor Vehicle laws of this state, and the applicant named on the face hereof has been duly recorded as the lawful owner of the vehicle so described. Further, the said vehicle is subject to the security interest by lien(s) shown hereon, if any. But, said described vehicle may be subject to a mechanic's lien or a lien given by statute to the United States, this State or any political subdivision of this State or other encumbrances not required to be filed with this Department.

**CONTROL NUMBER**
35557450

KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE.

Yeldell v. Wells Fargo
WF 000065

# Exhibit C

Auto Customer Service  Account #: 502-374-1016690-9001  Lnrp001b
Wells Fargo Bank, N.A.  Customer Name TIKITIA YELDELL  Jul 23, 2009  1:10:37 PM

## Loan Payment Report

| Proc Date | Eff Date | Transaction Code | Transaction Description | Payment Amount | Principal Amount | Interest Amount | Misc. Amount | Interest Adjustment | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 04/08/2009 | 04/08/2009 | 46 3 | Partial Write Down Reversal | $0.00 | $0.00 | $0.00 | $7,754.25 | $0.00 | |
| 04/08/2009 | 04/08/2009 | 36 C | Charge-Off | $9,232.88 | $7,754.25 | $514.66 | $155.97 | $0.00 | 0.00 |
| 04/08/2009 | 04/08/2009 | 36 6 | Misc. Fee Waived | $0.00 | $0.00 | $0.00 | $350.00 | $0.00 | |
| 04/08/2009 | 04/08/2009 | 36 2 | Other Charge Waived | $0.00 | $0.00 | $0.00 $10.00 | | $0.00 | |
| 04/08/2009 | 04/08/2009 | 36 7 | Decrease Insurance Owing | $0.00 | $0.00 | $0.00 | $448.00 | $0.00 | |
| 04/07/2009 | 04/07/2009 | 46 M | Recovery | $0.00 | $0.00 | $0.00 | $3,038.50 | $0.00 | 7,754.25 |
| 04/07/2009 | 04/02/2009 | 30 I | Principal Or Interest Reduction | $0.00 | $9,292.00 | $0.00 | $0.00 | ($23.48) | |
| 03/31/2009 | 03/31/2009 | 36 3 | Partial Write Down | $0.00 | $0.00 | $0.00 | $10,792.75 | $0.00 | |
| 03/13/2009 | 01/06/2009 | 32 C | Insurance Cancellation | $0.00 | $0.00 | $0.00 | $635.00 | $0.00 | |
| 03/13/2009 | 01/06/2009 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $207.34 | $0.00 | |
| 03/12/2009 | 03/09/2009 | 46 6 | Misc Fee Assessed | $0.00 | $0.00 | $0.00 | $350.00 | $0.00 | |
| 03/09/2009 | 03/07/2009 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 03/06/2009 | 03/06/2009 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $120.33 | $0.00 | |
| 02/06/2009 | 02/06/2009 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $120.33 | $0.00 | 17,046.25 |
| 02/05/2009 | 02/04/2009 | 30 A | Payment | $300.00 | $27.19 | $141.65 | $0.00 | ($0.01) | |
| 02/05/2009 | 02/04/2009 | 30 7 | Insurance Payment | $0.00 | $0.00 | $0.00 | $131.16 | $0.00 | |
| 02/04/2009 | 02/04/2009 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $14.35 | | $0.00 | |
| 01/16/2009 | 01/07/2009 | 30 A | Payment | $350.00 | $0.00 | $327.19 | $0.00 | $0.00 | |
| 01/16/2009 | 01/07/2009 | 30 7 | Insurance Payment | $0.00 | $0.00 | $0.00 $22.81 | | $0.00 | 17,073.44 |
| 01/16/2009 | 01/07/2009 | 40 A | Payment Reversal | $350.00 | $0.00 | $265.02 | $84.98 | $0.00 | |
| 01/13/2009 | 01/13/2009 | 30 A | Payment | $100.00 | $0.00 | $100.00 | $0.00 | $0.00 | |
| 01/08/2009 | 01/07/2009 | 30 A | Payment | $350.00 | $0.00 | $265.02 | $84.98 | $0.00 | |
| 01/05/2009 | 01/04/2009 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 12/05/2008 | 12/05/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 12/02/2008 | 11/30/2008 | 30 A | Payment | $250.00 | $0.00 | $247.97 | $0.00 | $0.00 | |
| 12/02/2008 | 11/30/2008 | 30 7 | Insurance Payment | $0.00 | $0.00 | $0.00 | $2.03 | $0.00 | |
| 11/17/2008 | 11/16/2008 | 30 A | Payment | $300.00 | $0.00 | $300.00 | $0.00 | $0.00 | |
| 11/04/2008 | 11/04/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 10/06/2008 | 10/05/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 10/02/2008 | 10/02/2008 | 30 A | Payment | $700.00 | $0.00 | $700.00 | $0.00 | $0.00 | |
| 09/24/2008 | 09/19/2008 | 40 2 | Payment To Other Charges Reversal | $0.00 | $0.00 | $0.00 $10.00 | | $0.00 | 17,073.44 |
| 09/24/2008 | 09/19/2008 | 40 A | Payment Reversal | $600.00 | $0.00 | $600.00 | $0.00 | $0.00 | |
| 09/22/2008 | 09/19/2008 | 30 A | Payment | $600.00 | $0.00 | $600.00 | $0.00 | $0.00 | |
| 09/22/2008 | 09/19/2008 | 30 2 | Payment To Other Charges | $0.00 | $0.00 | $0.00 $10.00 | | $0.00 | |
| 09/22/2008 | 09/19/2008 | 46 2 | Other Charge Assessed | $0.00 | $0.00 | $0.00 $10.00 | | $0.00 | |
| 09/04/2008 | 09/04/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 08/06/2008 | 08/06/2008 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $156.00 | $0.00 | |
| 08/04/2008 | 08/04/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $19.46 | | $0.00 | |
| 07/17/2008 | 07/08/2008 | 30 A | Payment | $1,906.36 | $408.41 | $1,083.95 | $0.00 | ($1.85) | 17,073.44 |
| 07/17/2008 | 07/08/2008 | 30 7 | Insurance Payment | $0.00 | $0.00 | $0.00 | $414.00 | $0.00 | |
| 07/17/2008 | 07/08/2008 | 30 6 | Misc. Fees Payment | $0.00 | $0.00 | $0.00 | $375.00 | $0.00 | |
| 07/17/2008 | 07/08/2008 | 30 L | Late Charge Payment | $0.00 | $0.00 | $0.00 | $110.31 | $4.05 | 17,481.85 |
| 07/17/2008 | 07/08/2008 | 40 A | Payment Reversal | $2,391.67 | $893.72 | $1,083.95 | $0.00 | $0.00 | |

Requested By: Laura Young

Page: 1

| Auto Customer Service | | Account #: 502-374-1016690-9001 | | | | | | Lnrp001b |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Bank, N.A. | | Customer Name TIKITIA YELDELL | Loan Payment Report | | | | Jul 23, 2009 | 1:10:37 PM |
| Proc Date | Eff Date | Transaction Code | Transaction Description | Payment Amount | Principal Amount | Interest Amount | Misc Amount | Interest Adjustment | Balance |
| 07/17/2008 | 07/08/2008 | 40 7 | Insurance Payment Reversal | $0.00 | $0.00 | $0.00 | $414.00 | $0.00 | |
| 07/11/2008 | 04/22/2008 | 32 C | Insurance Cancellation | $0.00 | $0.00 | $0.00 | $672.00 | $0.00 | |
| 07/10/2008 | 07/08/2008 | 46 6 | Misc Fee Assessed | $0.00 | $0.00 | $0.00 | $375.00 | $0.00 | |
| 07/09/2008 | 07/08/2008 | 30 A | Payment | $2,391.67 | $893.72 | $1,083.95 | $0.00 | ($0.45) | 16,588.13 |
| 07/09/2008 | 07/08/2008 | 30 7 | Insurance Payment | $0.00 | $0.00 | $0.00 | $414.00 | $0.00 | |
| 07/07/2008 | 07/05/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 07/03/2008 | 07/03/2008 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $138.00 | $0.00 | |
| 06/06/2008 | 06/06/2008 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $138.00 | $0.00 | |
| 06/04/2008 | 06/04/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 05/06/2008 | 05/06/2008 | 46 7 | Increase Insurance Owing | $0.00 | $0.00 | $0.00 | $138.00 | $0.00 | |
| 05/05/2008 | 05/05/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $13.46 | | $0.00 | |
| 04/04/2008 | 04/04/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |
| 03/07/2008 | 03/07/2008 | 30 A | Payment | $315.00 | $45.49 | $269.19 | $0.32 | $0.00 | 17,481.85 |
| 03/06/2008 | 03/06/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $15.73 | | $0.00 | |
| 02/28/2008 | 02/28/2008 | 30 A | Payment | $500.00 | $0.00 | $500.00 | $0.00 | $0.00 | |
| 02/04/2008 | 02/04/2008 | 46 L | Late Charge Assessed | $0.00 | $0.00 | $0.00 $20.36 | | $0.00 | |

Requested By: Laura Young

Page: 2

Yeldell v. Wells Fargo
WF 000003

# Exhibit D

503-374-1016690-9001

# CUSTOMER REINSTATEMENT FORM

In order to try to accommodate the reinstatement of your loan and the return of your collateral, we must update our files with certain information.

Account No: 000502374101669009001   Date: 07/09/2008

Partial Write Down? ☐ Yes ☒ No

Date(s) of previous reinstatements:

## BORROWER

| NAME | PHONE | CELL (W/ PERMISSION) | LENGTH OF RESIDENCE |
|---|---|---|---|
| TIKITIA D YELDELL | 205-267-6184 | | 18 YEARS |
| ADDRESS | | CITY | STATE | ZIP |
| 4830 LEOLA LN | | BIRMINGHAM | AL | 35207 |
| GARAGE ADDRESS (IF DIFFERENT) | | CITY | STATE | ZIP |
| PREVIOUS ADDRESS (IF LESS THAN 3 YRS) | | CITY | STATE | ZIP |

| HOME | Mortgage Balance | Mortgage Payment | # OF DEPENDANTS |
|---|---|---|---|
| ☐ RENT ☒ OWN | LIVES WITH | $0.00 | |
| Mortgage Company | Mortgage Co Address | CITY | STATE | ZIP |

| EMPLOYER | WORK PHONE | YEARS | POSITION / SHIFT | NET MO. INCOME |
|---|---|---|---|---|
| SOCIAL SECURITY A | 205-267-6184 | | | $2821 |
| EMPLOYER ADDRESS | | CITY | STATE | ZIP |
| 4830 LEOLA LN | | BIRMINGHAM | AL | 35207 |

## CO-BORROWER

| NAME | PHONE | CELL (W/ PERMISSION) | RELATIONSHIP |
|---|---|---|---|
| ADDRESS | | CITY | STATE | ZIP |
| EMPLOYER | WORK PHONE | YEARS | POSITION / SHIFT | NET MO. INCOME |
| EMPLOYER ADDRESS | | CITY | STATE | ZIP |

## CONTACT 1

| NAME | PHONE | RELATIONSHIP | YEARS KNOWN |
|---|---|---|---|
| CONSTANCE MARSHALL | 205-390-2013 | FRIEND | 16 YEARS |
| ADDRESS | | CITY | STATE | ZIP |

## CONTACT 2

| NAME | PHONE | RELATIONSHIP | YEARS KNOWN |
|---|---|---|---|
| KRISTIE VANHORN | 205-382-3621 | COUSIN | LIFE |
| ADDRESS | | CITY | STATE | ZIP |

## CONTACT 3

| NAME | PHONE | RELATIONSHIP | YEARS KNOWN |
|---|---|---|---|
| ADDRESS | | CITY | STATE | ZIP |

## INSURANCE INFORMATION

| INSURANCE COMPANY | AGENT NAME | PHONE | POLICY NUMBER |
|---|---|---|---|
| SAFECO | | 800-472-3326 | X5371523 |

## MONTHLY BUDGET

| | |
|---|---|
| MONTHLY RENT | $ 0.00 |
| UTILITIES | $ 0.00 |
| CREDIT CARDS | $ 0.00 |
| INSURANCE FOR ALL AUTOS | $ 0.00 |
| GAS | $ 0.00 |
| GROCERIES | $ 0.00 |
| MISC (STUDENT, OTHER AUTOS) | $ 0.00 |
| OUR LOAN PAYMENT AMOUNT | $ 545.34 |
| TOTAL MONTHLY PAYMENTS | $ 545.34 |
| ADDITIONAL INCOME | $ 0.00 |

SOURCE(S)

| | |
|---|---|
| CUSTOMER'S NET MONTHLY INCOME | $ 0 |
| NET INCOME AFTER EXPENSES | $ 545.34 |

## TOTAL AMOUNT NEEDED TO REINSTATE

| | |
|---|---|
| CURRENT AUCTION / REPO FEES | $ 375.00 |
| PAYMENTS | $ 1905.36 |
| LATE FEES | $ 110.31 |
| MISC FEES ALREADY ADDED TO LOAN | $ 0.00 |
| OTHER | $ 0.00 |
| OTHER | $ 0.00 |
| CREDITS | $ 0.00 |
| TOTAL | $ 2390.67 |

☒ Proof of full coverage insurance from last 30 days
☒ Proof of income from last 30 days
☐ Copy of Utility bill from last 30 days
☐ Copy of current driver's license

**** APPROVING REINSTATEMENT **** APPROVING REINSTATEMENT BASED ON REVIEW OF THE LAW/RFD. KLC

Amount of funds received $ 2390.67        Supervisor Initials: KC

Yeldell v. Wells Fargo

WF 000069

07/14/2008 9:59AM (GMT-05:00)

502-374-1016690

**WELLS FARGO AUTO FINANCE**
301 W WARNER RD STE 101
TEMPE, AZ 85284-2962
1-800-944-4390
FAX# 1-877-866-6681
ATTN: SCOTT CHRISTENSEN

Repossession Vendor's Name: National Locating

PERMISSION TO RELEASE VEHICLE TO: TIKITIA D YELDELL
(Individual's Name)
Name as stated on Account: TIKITIA D YELDELL
Assignment ID#:
Vehicle: 05, DODGE, MAGNUM
Last six of the VIN #: 178595

|  | Fee Amount | Collect From Customer | Bill Wells Fargo Auto Finance |
|---|---|---|---|
| Repo Fees: | $375.00 |  | X |
| Storage Fees: | $12.00 Daily | X |  |
| Admin Fees: |  |  |  |
| All Other Fees: |  |  |  |

****If billed to Wells Fargo, please send invoice with signed release****

AUTHORIZED BY: Scott Christensen

DATE: 7/10/08

................................................................................

By signing below I acknowledge that I have received all personal property that was in the vehicle at the time of its repossession. I agree that I have had the opportunity to inspect my vehicle and that it is in similar condition that it was prior to its repossession. Accordingly, I agree to release and forever discharge from any and all manner of action or actions, suits, claims, damages, judgments, levies and executions, whether known or unknown, liquidated or unliquidated, fixed or contingent, direct or indirect which I ever had, have or ever can, shall or may have against Wells Fargo Auto Finance, Inc. ("WFAF") for, any claims arising from or in connection with my personal property and/or condition of my vehicle

PRINT NAME: _Takitia Yeldell_ Date: _7-10-08_

SIGNATURE: _[signature]_ Date: _7-10-08_

WITNESSED BY:

PRINT NAME: _Ray Franklin_ Date: _7-10-08_

SIGNATURE: _[signature]_ Date: _7-10-8_

Yeldell v. Wells Fargo
WF 000070